[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came before the court for trial on this date and the parties presented their evidence and rested. There is no dispute between the parties that, on May 9, 1992, a collision occurred between the Torres' automobile and the Rose truck at the intersection of public streets designated as Everit Street and Cold Spring Street in the city of New Haven. It is also undisputed that Everit Street runs in a generally northerly and southerly direction and Cold Spring Street runs in a generally easterly and westerly direction and that the intersection of these streets is controlled by a four way stop sign. The parties and their witnesses are unanimous in describing the day in CT Page 13960 question as a bright clear and sunny spring day with excellent visibility and dry streets.
The plaintiffs claim that their motor vehicle was headed in a westerly direction on Cold Spring Street prior to the collision and that the operator, Tommy Torres, came to a complete stop at the stop sign, looked in all directions before proceeding and, seeing no vehicles in any direction, drove into the intersection, where he was immediately struck on the right side by the defendant's motor vehicle which was proceeding south on Everit Street. The plaintiffs were injured and the police and an ambulance responded. Both plaintiffs, Tommy Torres and his brother, Jose, a front seat passenger, were removed from the scene to Yale New Haven Hospital Emergency Room where Tommy was treated and they were released.
The defendant testified that he stopped at the stop sign as he traveled southerly to the intersection and, seeing nothing in any direction, proceeded into the intersection, turning his truck left (easterly) onto Cold Spring Street. As he started his turn, the defendant observed the plaintiffs' vehicle moving westerly along Cold Spring Street. The defendant stopped his vehicle and watched as the Torres vehicle proceeded through the intersection without observing the stop sign and struck the Rose truck.
The plaintiffs failed to demonstrate any negligent conduct on the part of the defendant that was a legal cause of the collision and a substantial factor in causing their injuries. Such failure is fatal to the plaintiffs' claims for damages.
Judgment is entered for the defendant as to the issues in dispute between parties.
BY THE COURT
LEANDER C. GRAY, JUDGE